IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, SOUTHERN UTAH WILDERNESS ALLIANCE, and THE WILDERNESS SOCIETY, <br><br> Plaintiffs, <br><br> v. <br><br> JOELLE MCCARTHY, in her official capacity as the Richfield field office manager, UNITED STATES BUREAU OF LAND MANAGEMENT, and UNITED STATES DEPARTMENT OF THE INTERIOR, <br><br> Defendants, and <br><br> STATE OF UTAH, <br> Intervenor-Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS** <br><br><br> Case No. 4:19-cv-00055-DN-PK <br><br> District Judge David Nuffer |

This action arises from the United State Bureau of Land Management's ("BLM") decision to lift a temporary closure order on cross-country off-highway vehicle ("OHV") travel in the Factory Butte area of Utah.[1] Plaintiffs allege that the BLM violated the Administrative Procedures Act and the National Environmental Policy Act ("NEPA") by lifting the temporary closure order without first performing an environmental review to evaluate the impacts of its decision.[2] Defendants seek dismissal of Plaintiffs' Complaint for failure to state a claim on which relief may be granted.[3]

---

[1] Complaint for Declaratory and Injunctive Relief ("Complaint") ¶ 1 at 2, docket no. 2, filed Aug. 1, 2019.

[2] *Id*. ¶ 3 at 2, ¶¶ 69-79 at 22-24.

[3] Motion to Dismiss, docket no. 17, filed Oct. 7, 2019. Wayne County, Utah, Sevier County, Utah, and Piute County, Utah filed an Amici Curiae Memorandum in Support of Defendants' Motion to Dismiss. Docket no. 22, filed Nov. 15, 2019. The State of Utah also intervened as a defendant to join in Defendants' Motion to Dismiss.

Because an environmental review under the NEPA was not required before the BLM lifted the temporary closure order, Plaintiffs' claims fail as a matter of law. Therefore, Defendants' Motion to Dismiss[4] is GRANTED.

## BACKGROUND

In 1982, the BLM's Richfield field office approved a Management Framework Plan for roughly 1.9 million acres of land within the Henry Mountains Planning Area, which included the Factory Butte area of Utah.[5] The Management Framework Plan expressly permitted cross-country OHV use in the Factory Butte area.[6] Subsequently, in September 2006, the BLM invoked its authority under 43 C.F.R. § 8341.2(a) to temporarily close 142,023 acres of the Factory Butte area to cross-country OHV travel.[7] The purpose of the closure was to protect threatened and endangered cacti species that had been or were at risk of being adversely impacted by OHV use.[8] And the closure order was to remain in effect until the conditions giving right to the order were sufficiently addressed, or the BLM's Richfield field office completed a new resource management plan ("RMP").[9]

In August 2008, the BLM's Richfield field office released a Proposed Resource Management Plan and Final Environmental Impact Statement ("Proposed RMP").[10] The Proposed RMP established a 24,000 acre Factory Butte Special Recreation Management Area

---

Proposed Intervenor-Defendant's Motion to Intervene and Memorandum in Support, docket no. 25, filed Nov. 25, 2019; Order Granting Motion to Intervene, docket no. 26, filed Nov. 27, 2019.

[4] Docket no. 17, filed Oct. 7, 2019.

[5] Complaint ¶ 45 at 14.

[6] *Id.* ¶ 48 at 15.

[7] *Id.* ¶ 53 at 17.

[8] *Id.*

[9] *Id.*

[10] *Id.* ¶ 55 at 18-19.

("Factory Butte SMRA") inside which cross-country OHV "play areas" would be allowed at Factory Butte, Swing Arm City, and Caineville Cove Inn.[11] The Proposed RMP also explained that the 2006 OHV temporary closure order would remain in effect until the BLM signed a Record of Decision.[12]

In October 2008, the BLM signed a Record of Decision and Approved Resource Management Plan ("Approved RMP").[13] However, the Approved RMP did not lift the 2006 OHV temporary closure order. Rather, the closure order was to remain in effect to allow the BLM to ensure there was appropriate infrastructure to protect the threatened and endangered cacti species; to complete and enact a monitoring plan; and to then formally rescind the closure order.[14]

Between 2009 and 2018, the BML conducted annual monitoring of the Wright fishhook cactus within the Factory Butte SRMA.[15] In 2010, the United States Fish and Wildlife Service ("F&WS") issued a biological opinion of the Factory Butte SMRA.[16] The biological opinion predicted that the most likely impacts to opening the Factory Butte play area were indirect impacts from OHV's; increased airborne dust and particulates; changes in pollinator-plant interactions; and increased illegal OHV use leading to habitat fragmentation and degradation.[17]

In April 2019, the BLM submitted a memorandum to the F&WS asserting that the BLM had complied with the requirements of the 2010 biological opinion and additional conservation

---

[11] *Id*.

[12] *Id*.

[13] *Id*. ¶ 56 at 19.

[14] *Id*.

[15] *Id*. ¶¶ 58-59 at 20.

[16] *Id*. ¶ 57 at 19.

[17] *Id*.

measures.[18] The BLM requested the F&WS's concurrence that the BLM had complied with the 2010 biological opinion and with the BLM's intent to lift the 2006 OHV temporary closure order.[19] The BLM later sent a follow up memorandum to the F&WS on May 17, 2019, requesting changes to the 2010 biological opinion and associated monitoring plan.[20] On May 20, 2019, the F&WS accepted the BLM's proposed changes and concluded that opening the Factory Butte and Caineville Cove play areas to cross-country OHV use was not likely to jeopardize the Wright fishhook cactus.[21]

On May 22, 2019, the BLM issued a press release announcing that it was lifting the 2006 OHV temporary closure order on the Factory Butte area.[22] Two days later, on May 24, 2019, the BLM prepared a Memo to File on its decision to lift the closure order.[23] The BLM did not conduct an environmental review under the NEPA or provide the opportunity for public comment before lifting the closure order.[24]

## DISCUSSION

Defendants seek dismissal of Plaintiffs' Complaint under FED. R. CIV. P. 12(b)(6).[25] A defendant is entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[26] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is

---

[18] *Id.* ¶ 61 at 20.

[19] *Id.*

[20] *Id.* ¶ 62 at 20-21.

[21] *Id.* ¶ 63 at 21.

[22] *Id.* ¶ 64 at 21.

[23] *Id.* ¶ 65 at 21.

[24] *Id.* ¶¶ 66-67 at 21-22.

[25] Motion to Dismiss at 1.

[26] *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

presumed.[27] But conclusory allegations are insufficient,[28] and the complaint's legal conclusions and opinions are not accepted, even if couched as facts.[29]

Plaintiffs challenge the BLM's decision to lift the 2006 OHV temporary closure order on the Factory Butte area of Utah without performing an environmental review under the NEPA.[30] Defendants argue that compliance with the NEPA was not required for the BLM to lift the closure order.[31] "[W]here an agency concludes that [the] NEPA does not apply to its actions at all, the agency's decision is 'not entitled to the deference that [is afforded] to an agency's interpretation of its governing statute and is instead a question of law, subject to de novo review.'"[32]

The BLM's authority to implement and lift the 2006 OHV temporary closure order is governed by 43 C.F.R. § 8341.2(a), which states:

> [W]here the [BLM] determines that off-road vehicles are causing or will cause considerable adverse effects upon soil, vegetation, wildlife, wildlife habitat, cultural resources, historical resources, threatened or endangered species, wilderness suitability, other authorized uses, or other resources, the [BLM] shall immediately close the areas affected to the type(s) of vehicle causing the adverse effect until the adverse effects are eliminated and measures implemented to prevent recurrence.[33]

The Tenth Circuit Court of Appeals has recognized that the BLM's implementation of "such [temporary] closures are nondiscretionary,"[34] meaning that the action is exempt from the

---

[27] *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[28] *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[29] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[30] Complaint ¶ 3 at 2, ¶¶ 69-79 at 22-24.

[31] Motion to Dismiss at 8-14.

[32] *Sierra Club v. U.S. Army Corps of Eng'rs*, 990 F.Supp.2d 9, 22-23 (D. D.C. 2013) (quoting *Sierra Club v. U.S. Dep't of Agric.*, 777 F.Supp.2d 44, 54 (D. D.C. 2011)).

[33] 43 C.F.R. § 8341.2(a).

[34] *Utah Shared Access All. v. Carpenter*, 463 F.3d 1125, 1130 (10th Cir. 2006).

NEPA's environmental review requirements.[35] The plain language of § 8341.2(a) supports a conclusion that lifting of a temporary closure order is also a nondiscretionary action of the BLM which is exempt from the NEPA.

Under § 8341.2(a), the BLM has authority to determine that OHV's "are causing or will cause considerable adverse effects."[36] The BLM also has authority to determine that "the adverse effects have been eliminated and measures implemented to prevent recurrence."[37] But in both instances, once these determinations are made, the regulation mandates the BLM's action:

> [The BLM] *shall immediately close the areas* affected to the type(s) of vehicle causing the adverse effect *until* the adverse effects are eliminated and measures implemented to prevent recurrence."[38]

In the first instance, the BLM must immediately implement a temporary closure. And in the second, the BLM must lift the closure. Because the implementing and lifting of a temporary closure order is mandatory on the BLM under the plain language of § 8341.2(a), the BLM's actions in doing so are nondiscretionary. Therefore, these actions are exempt from the NEPA's environmental review requirements.

The purpose of § 8341.2(a) adds further support for this conclusion. Section 8341.2(a) "creates a separate duty to close [public lands] without regard to the [land use] designation process."[39] This is reflected in the regulation's plain language: "Such closures will not prevent designation in accordance with procedures in subpart 8342 of this part."[40] "Indeed, courts have consistently emphasized the distinction between the initial O[H]V-route-designation process

---

[35] *Sac and Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1262-63 (10th Cir. 2001).

[36] 43 C.F.R. § 8341.2(a).

[37] *Id*.

[38] *Id*. (emphasis added).

[39] *Carpenter*, 463 F.3d at 1130 (quoting *Sierra Club v. Clark*, 756 F.2d 686, 690 (9th Cir. 1985)).

[40] 43 C.F.R. § 8341.2(a).

reflected in [a resource management plan ("RMP")] . . . and closures of those designated routes authorized under regulations" such as § 8341.2(a)."[41]

The RMP process is a "major Federal action[] significantly affecting the quality of the human environment."[42] It is subject to public comment and requires an environmental review under the NEPA.[43] Because this "process is much more time-consuming than enacting a temporary closure order, the BLM could not effectively respond to resource degradation only through the formal planning process."[44] "[The] exemption of [temporary] OHV travel restrictions from the [RMP] process reflects the realities of public land management and allows the BLM to timely comply with its statutory mandate to 'take any action necessary to prevent unnecessary or undue degradation of the lands.'"[45] And the exemption of lifting temporary OHV travel restrictions from the RMP process enables the BLM to comply with its statutory directive to "manage the public lands . . . in accordance with the [RMP]."[46]

The RMP process is a major federal action requiring compliance with the NEPA.[47] And agency actions that lead to land use and OHV-route-designations in the RPM process are appropriate actions to challenge under the NEPA.[48] But Plaintiffs do not challenge the environmental review that was part of the land use and OHV-route-designations in the Approved RMP for the Factory Butte area. Plaintiffs challenge only the lack of an environmental review for

---

[41] *Carpenter*, 463 F.3d at 1135.
[42] 42 U.S.C. § 4332(c); *State of Utah v. Babbit*, 137 F.3d 1193, 1214 (10th Cir. 1998) (citing 43 C.F.R. § 1601.0-6).
[43] *Carpenter*, 463 F.3d at 1135.
[44] *Id*. at 1136.
[45] *Id*. (quoting 43 U.S.C. § 1732(b)).
[46] 43 U.S.C. § 1732(a).
[47] *Babbit*, 137 F.3d at 1214.
[48] *Id*.; *Carpenter*, 463 F.3d at 1135.

the BLM's decision to lift the 2006 OHV temporary closure order for that area.[49] However, the BLM's actions under § 8341.2(a) in implementing and lifting the closure order were a nondiscretionary, "lawful discharge of the BLM's duty, independent of the [RMP] process, to prevent undue degradation or resources"[50] and to manage public lands in accordance with the RMP. Therefore, compliance with the NEPA was not required.

Because an environmental review under the NEPA was not required before the BLM lifted the 2006 OHV temporary closure order on the Factory Butte area, Plaintiffs' fail to state a claim on which relief may be granted as a matter of law.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[51] is GRANTED. Plaintiffs' Complaint[52] is DISMISSED with prejudice.

The Clerk is directed to close the case.

Signed April 7, 2020.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[49] Complaint ¶ 3 at 2, ¶¶ 69-79 at 22-24.
[50] *Carpenter*, 463 F.3d at 1136.
[51] Docket no. 17, filed Oct. 7, 2019.
[52] Docket no. 2, filed Aug. 1, 2019.